IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILLIAM M. DUNCAN, Jr., as co-executor ) <br> of the estate of William M. Duncan, Sr., and in ) <br> his individual capacity; ) <br> ) <br> PAUL D. DUNCAN., as co-executor ) <br> of the estate of William M. Duncan, Sr., and in ) <br> his individual capacity; and ) <br> ) <br> JOHN S. DUNCAN., as co-executor ) <br> of the estate of William M. Duncan, Sr., and in ) <br> his individual capacity; ) <br> ) <br> Defendants. ) | Case No. 7:18CV290 |

## COMPLAINT FOR FEDERAL TAXES

Plaintiff, the United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to: (1) collect the tax assessments made against the Estate of William M. Duncan ("Estate") for the unpaid federal estate tax liabilities; (2) impose transferee liability under 26 U.S.C. § 6324(a)(2) against persons who received or had control over property in the gross estate; (3) impose fiduciary liability under 31 U.S.C. § 3713(b) against the representatives of the Estate and trustees of a related revocable trust for causing the Estate and the revocable trust to make bequests without paying the federal estate tax liability; and (4) collect the transferee assessments made under 26 U.S.C. § 6901 against individual transferees and fiduciaries of the Estate.

1

## JURISDICTION & VENUE

1. Jurisdiction is conferred upon this Court pursuant to 26 U.S.C. §§ 7402, 7404, and 28 U.S.C. §§ 1331, 1340, and § 1345.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. The plaintiff is the United States of America.

4. William M. Duncan ("Decedent") died on May 5, 1999. At the time of his death, Decedent resided in Staunton, Virginia.

5. Defendant William M. Duncan, Jr., the Decedent's son, resides in Williamsburg, Virginia.

6. Defendant Paul D. Duncan, the Decedent's son, resides in Staunton, Virginia.

7. Defendant John S. Duncan, the Decedent's son, resides in Waynesboro, Virginia.

## COUNT I: REDUCE ESTATE TAX ASSESSMENTS TO JUDGMENT AGAINST THE ESTATE

8. The United States repeats and realleges the allegations contained in paragraphs 1 through 7.

9. Decedent died testate on May 5, 1999. In his last will and testament, Decedent appointed Defendants William M. Duncan, Jr., Paul D. Duncan, and John S. Duncan as personal representatives of his estate.

10. Defendants William M. Duncan, Jr., Paul D. Duncan, and John S. Duncan (collectively, "Co-Executors") were appointed as executors of the Estate of William M. Duncan.

11. The Estate was required to file a federal estate tax return (Form 706) on or before February 5, 2000. The Estate filed an extension of time to file, which extended the deadline to file its estate tax return to August 7, 2000.

2

Case 7:18-cv-00290-MFU   Document 1   Filed 06/22/18   Page 2 of 8   Pageid#: 2

12. The estate tax return was not filed until November 23, 2005, which was five years after the return was originally due.

13. The estate tax return filed with the Service showed a tax liability of $178,904. The Estate paid this amount at the time it filed its estate tax return.

14. On July 1, 2008, a delegate of the Secretary of the Treasury assessed an additional $450,580 in federal estate taxes against the Estate.

15. Notice of the assessment described in paragraph 14, above, along with demands for payment of the assessments, was given to the Estate.

16. Despite notice and demand for payment of the assessments described in paragraph 14, above, the assessments have not been paid in full to date.

17. Due to the Estate's failure to pay the full amount of the assessments due and owing, interest and statutory additions to tax have accrued pursuant to statute. As of May 28, 2018, there remains due and owing to the United States the sum of $1,340,316, plus interest according to law after that date.

WHEREFORE, the United States of America requests that the Court:

A. Enter judgment in favor of the United States of America and against William M. Duncan, Jr., Paul D. Duncan, and John S. Duncan, in their capacity as co-executors of the Estate of William M. Duncan, in the amount of $1,340,316, plus interest accruing according to law from May 28, 2018, until paid.

## COUNT II:  IMPOSE TRANSFEREE LIABILITY AGAINST THE CO-EXECUTORS

18. The United States repeats and realleges the allegations contained in paragraphs 1 through 17, above.

19. If an estate tax liability is owed, then a transferee, trustee, or "person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, or beneficiary, who receives, or has on the date of the decedent's death, property included in the gross estate" is personally liable for the estate tax liability to the extent of the value of that property. 26 U.S.C. § 6324(a)(2).

20. On November 6, 1997, the Decedent settled a revocable trust, which was known as the "William M. Duncan Revocable Inter Vivos Trust" ("Trust").  Upon settlement of the trust, the Defendant William M. Duncan, Jr., Defendant John S. Duncan, and the Decedent were named trustees of the Trust.

21. At the time of the Decedent's death, his gross estate was valued at $4,981,912.  The gross estate included both assets administered through the probate estate as well as non-probate assets.  The non-probate assets included assets placed in the Trust.

22. Under 26 U.S.C. §§ 2034 through 2042, the Trust's assets were includible in the Decedent's gross estate.

23. The Decedent's last will and testament and the Trust required the Co-Executors to pay any federal estate tax liabilities before distributing assets of the Estate or the Trust.

24. On information and belief, the three Co-Executors transferred the assets of the probate estate as well as the Trust's assets to themselves, or otherwise took control or possession of those assets, without first satisfying the federal estate tax liabilities.

25. By virtue of their possession, controlling, or receipt of the assets includible in the gross estate while failing to pay the federal estate tax liabilities, the Co-Executors became liable under 26 U.S.C. § 6324(a)(2) for the estate tax liabilities up to the value of the assets that the Co-Executors possessed, controlled, or received.

26. Because the value of the assets in the gross estate exceeded the unpaid amount of the federal estate tax liabilities, the Co-Executors are liable for the full amount of those liabilities.

WHEREFORE, the United States of America requests that the Court:

B. Enter judgment in favor of the United States of America and against William M. Duncan, Jr., Paul D. Duncan, and John S. Duncan, jointly and severally, in their personal capacities, in the amount $1,340,316, plus interest accruing according to law after May 28, 2018, until paid.

**COUNT III: IMPOSE FIDUCIARY LIABILITY AGAINST THE CO-EXECUTORS BOTH AS CO-EXECUTORS AND AS TRUSTEES**

27. The United States repeats and realleges the allegations contained in paragraphs 1 through 26, above.

28. Under 31 U.S.C. § 3713(b), a representative of an estate who pays a debt of the estate before paying any debt owed to the United States becomes personally liable to the United States for the unpaid claims to the extent of such payment.

29. The Co-Executors were the personal representatives of the Estate of William M. Duncan.

30. As personal representatives of the Estate, the Co-Executors had authority and control over the assets of the probate estate. To the extent they were trustees of the Trust, they also had authority and control of the non-probate assets in the Trust. The Trust's terms specifically authorized the use of Trust's assets to pay any estate tax liability.

31. The Co-Executors knew or should have known that the estate would be liable for a federal estate tax liability.

32. On information and belief, the Co-Executors transferred property of the Estate and Trust to themselves without first paying the estate tax liability.

33. On information and belief, the Co-Executors' transfers rendered the Estate insolvent.

34. The value of these transfers exceeded the current unpaid federal estate tax liability, and consequently, the Co-Executors are personally liable for the unpaid federal estate tax, including interest and penalties.

WHEREFORE, the United States of America requests that the Court:

C. Enter judgment in favor of the United States of America and against William M. Duncan, Jr., Paul D. Duncan, and John S. Duncan, in their personal capacities, jointly and severally, in the amount $1,340,316, plus interest and statutory additions accruing from May 28, 2018, until paid.

### COUNT IV: REDUCE TRANSFEREE ASSESSMENTS TO JUDGMENT AGAINST THE CO-EXECUTORS

35. The United States repeats and realleges the allegations contained in paragraphs 1 through 34.

36. Each of the Co-Executors is a trustee or other transferee described in 26 U.S.C. § 6324(a)(2).

37. Each of the Co-Executors breached their fiduciary duties under 31 U.S.C. § 3713(b).

38. On July 1, 2018, a delegate of the Secretary of the Treasury made assessments as transferees for the $450,580 in unpaid estate tax liabilities, along with statutory additions, against each of the Co-Executors under 26 U.S.C § 6901.

39. Notice of the assessment described in paragraph 38, above, along with demands for payment of the assessments, was given to the each of the Co-Executors.

40. Despite notice and demand for payment of the assessments described in paragraphs 38, above, Co-Executors have not paid the federal tax liabilities.

41. Due to the Co-Executors failure to pay the full amount of the assessments due and owing, interest has accrued and will continue to accrue.

42. As of May 28, 2018, there remains due and owing to the United States the sum of $1,340,316, plus interest according to law after that date.

WHEREFORE, the United States of America requests that the Court:

D. Enter judgment in favor of the United States of America and against William M. Duncan, Jr., Paul D. Duncan, and John S. Duncan, in their personal capacities, jointly and severally, in the amount $1,340,316, plus statutory additions accruing from May 28, 2018, until paid;

E. Award the United States its attorney's fees and costs; and

F. Grant such other and further relief as the Court deems just and proper.

DATED: June 22, 2018,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division

*/s/ Ari D. Kunofsky*
ARI D. KUNOFSKY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9187
Facsimile: (202) 514-6866
Email: Ari.D.Kunofsky@usdoj.gov

THOMAS T. CULLEN
United States Attorney

*/s/ Mary Beth Niday*
Mary Beth Niday
Special Assistant United States Attorney
West Virginia Bar No. 9092
P. O. Box 1709
Roanoke, VA 24008-1709
Telephone: (540) 857-2250
Facsimile: (540) 857-2283
E-mail: Mary.Beth.Niday@usdoj.gov

| JS 44 (Rev. 06/17) | CIVIL COVER SHEET | 7:18CV290 |

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
William Duncan, Jr.; Paul Duncan; John Duncan

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Willilamsburg
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari Kunofsky, United States Department of Justice- Tax Division
555 4th St., NW, Suite 6112; Washington, DC 20001
ph. (202) 353-9187

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 7402, 7404

Brief description of cause:
Reduce federal estate tax liability to judgment; imposes fiduciary and transferee liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 1,340,316.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 06/22/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Ari D. Kunofsky

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____